IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KYLE ALLEN SALYER, | ) | CIVIL ACTION NO. 3:16-57 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| HOLLIDAYSBURG AREA SCHOOL DISTRICT, WAYNE BUSH, MARK R. HARRINGTON, DAWN ECKENRODE and MAUREEN D. LETCHER, D. ED. | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This action comes before the Court upon a motion to dismiss filed by Defendants. (ECF No. 11.) Defendants move to dismiss with prejudice the entirety of Plaintiff's complaint. (*Id*.) For the reasons that follow, Defendants motion will be **GRANTED IN PART** and **DENIED IN PART**.

### II. Jurisdiction

The Court has jurisdiction over the federal constitutional claims pursuant to 28 U.S.C. § 1331, 1343, and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.[1] Venue is proper under 28 U.S.C. §

---

[1] Defendants point out that the complaint also lists 28 U.S.C. § 1332 as one of the bases for the Court's jurisdiction. (ECF No. 12 at 4-5.) The Court acknowledges that 28 U.S.C. § 1332, which provides for diversity jurisdiction, is likely not applicable to this case as all parties appear to be residents of Pennsylvania. Nevertheless, pursuant to the other statutes described above, all of Plaintiff's claims are properly before the Court.

1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

**III.    Background**

This case concerns injuries sustained by Plaintiff while officials at Hollidaysburg Area High School were investigating an allegation that Plaintiff, an autistic student at the school, was in possession of a knife. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

Plaintiff Kyle Allen Salyer was under the age of 18 and a student at Hollidaysburg Area High School during the events in question. (ECF No. 1 ¶ 11.) Plaintiff suffers from autism and experiences extreme fear and agitation when touched or confined by others. (*Id.* ¶ 12.) The staff and employees at the High School were well aware of his autism and reaction to touching and confinement. (*Id.* ¶ 12.) Defendant Wayne Bush is the School Resource Professional for the High School. (*Id.* ¶ 4.) Defendant Mark R. Harrington is the Assistant Principal of the High School. (*Id.* ¶ 5.) Defendant Dawn Eckenrode is the Dean of Students at the High School. (*Id.* ¶ 6.) Defendant Maureen D. Letcher, D. ED., is the Principal and chief administrator of the High School. (*Id.* ¶ 7.)

During first period on May 19, 2015, Plaintiff's teacher instructed him to report to the attendance office. (*Id.* ¶¶ 11, 13.) Plaintiff left his books and binder in the classroom and proceeded to walk by himself through the hall to the office. (*Id.* ¶ 14.) An administrative assistant in the office informed Plaintiff that Eckenrode and Harrington wanted to speak with him, and asked Plaintiff to sit and wait in the open reception area

near the desks of two administrative assistants. (*Id.* ¶ 15.) After waiting for "some time," Plaintiff was called into an interior office and informed that there was a rumor that he was going to bring a knife into school in order to stab another student. (*Id.* ¶ 16-17.) When Plaintiff denied that the rumor was true, Eckenrode and Harrington said they believed him but wanted to speak to other students. (*Id.* ¶ 18.) They asked Plaintiff to sit outside again while they continued to investigate. (*Id.* ¶ 18.) Plaintiff emptied his pockets in order to show he did not have a knife and then returned to the reception area to wait. (*Id.* ¶¶ 19-20.)

When Plaintiff was called back into the interior office, Bush had joined Eckenrode and Harrington. (*Id.* ¶ 21.) They told Plaintiff they were going to search his locker and the other items he brought to school that day. (*Id.* ¶ 22.) When the search of his locker yielded no knife or other contraband, Harrington then asked Plaintiff to walk by himself and retrieve his binder from his first period classroom so that Defendants could search it. (*Id.* ¶¶ 24-25.) Upon returning to the office, Plaintiff was ordered to empty his pockets and lift his shirt to show that he was not concealing any weapons; Plaintiff complied. (*Id.* ¶ 27.) During this third encounter in the interior office, Plaintiff asked Defendants numerous times to call his mother but they refused. (*Id.* ¶ 27.) Bush then conducted a search of Plaintiff that involved "touching" and "grabbing" Plaintiff and eventually "slamming" him to the ground causing serious injury and emotional distress. (*Id.* ¶ 28.) Plaintiff's injuries included: a fractured kneecap, bruises and contusions, trauma to his body, shock and injury to his nervous system, headaches, loss of physical function, and other internal injuries. (*Id.* ¶ 33.)

Plaintiff filed this action on February 26, 2016, naming the Hollidaysburg Area School District, Bush, Harrington, Eckenrode, and Letcher as defendants. In his complaint, Plaintiff asserts three claims. (*Id.* ¶¶ 39-46.) In Count I, Plaintiff asserts claims for violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 1, 39-41.) In Count II, Plaintiff asserts state tort law claims for negligence, gross negligence, and recklessness. (*Id.* ¶¶ 42-44.) In Count III, Plaintiff asserts state tort law claims for assault, battery, and false imprisonment. (*Id.* ¶¶ 45-46.) All claims appear to be brought against all Defendants.

Defendants filed a motion to dismiss the entirety of Plaintiff's complaint, along with a supporting brief, on April 28, 2016. (ECF Nos. 11, 12.) Plaintiff filed a brief in opposition to Defendants' motion on May 18, 2016, (ECF No. 15), and this matter is now ripe for disposition.

## IV. Standard of Review

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

4

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint, however, need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a context-specific inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is

5

vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

V. **Discussion**

    A. **Section 1983 Claims**

In Count I of the complaint, Plaintiff alleges violations of his constitutional rights pursuant to § 1983. (ECF No. 1 ¶¶ 1, 39-41.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Tatsch-Corbin v. Feathers*, 561 F. Supp. 2d 538, 543 (W.D. Pa. 2008) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff has asserted claims under § 1983 for violations of his Fourth Amendment and Fourteenth Amendment rights. The Court will discuss each in turn.

As a preliminary matter, Plaintiff appears to bring the § 1983 claims against all Defendants, including the School District. Although Defendants argue Plaintiff failed to establish that he suffered violations of his Fourth and Fourteenth Amendment rights, Defendants do not argue that the § 1983 claims are improperly brought against the School District specifically. (*See* ECF No. 12 at 5-9.) It is well established that municipalities are not liable for violations of a citizen's constitutional rights under § 1983 on a *respondeat superior* theory of liability. *See Monell v. Dep't. of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-92

(1978). Rather, to prevail against a municipality under § 1983, a plaintiff must show a policy, practice, or custom created by a policymaker that caused the alleged constitutional violation. *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 642 (E.D. Pa. 2014) (citing *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003)). Although not rich in detail, Plaintiff appears to have plausibly stated such a claim against the School District, particularly given the stage of the litigation and Defendants' failure to raise the issue. (*See* ECF No. 1 ¶¶ 32, 41); *see also Rosembert*, 14 F. Supp. 3d at 642 (circumstances giving rise to *Monell* liability include "where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice is so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.") (citing *Natale*, 318 F.3d at 584). Defendants may, of course, raise this issue at a later stage of the litigation.

### 1. Fourth Amendment Claim

Defendants argue that Plaintiff failed to state a claim for violation of his rights under the Fourth Amendment. (ECF No. 12 at 6-8.) Specifically, they point out that Plaintiff relies on an incorrect standard, since Plaintiff states in his complaint that Defendants lacked "probable cause" even though the standard for search and seizure in the public school setting is reasonableness. (*Id*.) In response, Plaintiff concedes that the proper standard is reasonableness, but argues he has pled sufficient facts to establish that Defendants acted unreasonably. (ECF No. 15 at 6-8.)

7

The Fourth Amendment protects against unlawful search and seizure conducted by state officials. *Stafford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009). Generally, Fourth Amendment rights extend to public school students. *Id.*; *New Jersey v. T.L.O.*, 469 U.S. 325, 336-37 (1985). However, in the public school setting, Fourth Amendment claims are not evaluated using the usual probable cause standard. Rather, "searches conducted in public schools are governed by the reasonableness standard, and 'what is reasonable depends on the context within which a search takes place . . . balancing the need to search against the invasion which the search entails.'" *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 147 (3d Cir. 2005) (quoting *T.L.O.*, 469 U.S. at 337). A school search is "permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive" in light of the characteristics of the student and the nature of the infraction. *Stafford*, 557 U.S. at 370 (quoting *T.L.O.*, 469 U.S. at 342).

The Court concludes that Plaintiff has plausibly alleged a violation of his Fourth Amendment rights. Disregarding Plaintiff's claim that Defendants lacked probable cause, the other factual allegations, when viewed in the light most favorable to Plaintiff, could be found to show that the search was unreasonable. As an initial matter, Plaintiff's claim is relatively narrow. "Plaintiff is not claiming that his rights were violated for being initially called to the office to talk to administrators or for having his locker, backpack or binder searched." (ECF No. 15 at 6.) Rather, "[i]t was the unreasonable touching and grabbing by Defendant Bush" that Plaintiff alleges to have constituted an unlawful search. (*Id.*)

There are a number of factual allegations in the complaint, which if true, suggest Defendants lacked reasonable suspicion that Plaintiff had a knife or otherwise posed a threat by the time Bush "touch[ed]," "grabb[ed]," and "slamm[ed]" Plaintiff to the ground. Defendants Eckenrode and Harrington told Plaintiff that they believed him when he said the rumor was false. (ECF No. 1 ¶ 18.) Defendants permitted Plaintiff to walk to the office alone, to return to the classroom to retrieve his binder alone, and on two occasions to sit and wait near the receptionists, otherwise alone. (*Id.* ¶¶ 14-15, 18, 24-25.) These actions belie the suggestion that Defendants harbored serious concerns that Plaintiff actually had a knife or posed a danger to others. Furthermore, by the time Bush initiated physical contact with Plaintiff, Defendants had already searched Plaintiff's locker and binder, and Plaintiff had voluntarily emptied his pockets and lifted his shirt, none of which yielded a knife. (*Id.* ¶¶ 19-20, 22, 24-25.) Plaintiff is also autistic and becomes distressed when touched. (*Id.* ¶ 12.) It is alleged that Defendants were well aware of his difficulties with physical contact. (*Id.*)

Collectively viewed in the light most favorable to Plaintiff, Defendants did not believe Plaintiff had a knife; had already searched Plaintiff's belongings and pockets; knew Plaintiff was autistic and became distressed when touched; and still proceeded to perform a rough physical search that resulted in a broken kneecap. The Court finds these allegations state a plausible claim that Defendants acted unreasonably in violation of Plaintiff's Fourth Amendment rights. The motion will be denied with respect to this claim.

## 2. Fourteenth Amendment Claim

Plaintiff also brings a Fourteenth Amendment claim. Defendants argue that the basis for the Fourteenth Amendment claim is unclear as to both what right was violated and how they allegedly violated it. (ECF No. 12 at 8-9.) In his brief in opposition, Plaintiff indicates his Fourteenth Amendment claim alleges a violation of his substantive due process rights and is based on the state-created danger doctrine. (ECF No. 15 at 8.) However, the Fourteenth Amendment claim appears to be premised on the same factual allegations as the Fourth Amendment claim. (*Id*. at 8-10.)

Substantive due process claims premised on actions which violate the Fourth Amendment are generally barred by the "more-specific-provision rule." "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."); *James v. City of Wilkes-Barre*, No. 4:10-CV-01534, 2015 WL 4951826, at *7 (M.D. Pa. Aug. 19, 2015) ("These claims are properly asserted pursuant to the Fourth Amendment, and therefore cannot also be covered by the broad scope of the Fourteenth Amendment."). Such a determination may be made at the motion to dismiss

stage. *See, e.g., Reiff v. Marks*, No. CIV.A. 08-CV-05963, 2009 WL 2058589, at *3 (E.D. Pa. July 15, 2009) ("Since Reiff pleads a Fourth Amendment violation against Marks at count three, [the Fourteenth Amendment count] is dismissed as duplicative.").

Because Plaintiff's Fourteenth Amendment claim is duplicative of his stated Fourth Amendment claim, the former is barred under the "more-specific-provision rule." The state-created danger doctrine does not change this conclusion. *See Wheeler v. City of Philadelphia*, 367 F. Supp. 2d 737, 747 (E.D. Pa. 2005) ("pure" Fourth Amendment claims cannot also be brought under the Fourteenth Amendment using the state-created danger doctrine). Therefore, Plaintiff's Fourteenth Amendment claim will be dismissed.

### B. State Law Claims

In addition to the constitutional claims, Plaintiff brings a number of state law tort claims including: negligence, gross negligence, and recklessness in Count II, and assault, battery, and false imprisonment in Count III. Defendants argue they are immune from tort liability under the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541, and that Plaintiff's claims do not fall into any of the exceptions found in 42 Pa. Cons. Stat. § 8542(b). (ECF No. 12 at 9-10.) Plaintiff concedes that the School District has immunity under the Tort Claims Act. (ECF No. 15 at 10.) However, he argues that the individual Defendants are not immune because their tortious conduct was intentional. (*Id.*)

Although employees of political subdivisions generally have the same immunity under the Tort Claims Act as the political subdivisions they work for, they are not immune when their conduct amounts to "actual malice" or "willful misconduct." 42 Pa.

Cons. Stat. § 8550; *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006). "'Willful misconduct' is synonymous with the term 'intentional tort.'" *Sanford*, 456 F.3d at 315.

Under Pennsylvania law, gross negligence and recklessness are insufficient to constitute willful misconduct. *Jackson v. City of Philadelphia*, No. CIV.A. 11-4643, 2015 WL 2070084, at *6 (E.D. Pa. May 4, 2015) (citing *McNeal v. Easton*, 598 A.2d 638, 642 (Pa. Commw. Ct. 1991)). However, assault, battery, and false imprisonment are intentional torts, and as such, are excepted from the immunity protections for individuals by § 8550. *See e.g.*, *Phillips v. Northampton County., PA.*, No CV 14-6007, 2016 WL 4944221, at *20 (E.D. Pa. Sept. 14, 2016). Therefore, the individual Defendants are immune from liability for the claims brought at Count II but not the claims brought at Count III. As already discussed, and conceded by Plaintiff, the School District is immune from all of the tort claims.

## VI. Leave to Amend

The law is well settled that, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F. Supp. 2d 719, 727 (W.D. Pa. 2014). The Court finds that any amendment to the claims being dismissed would be futile pursuant to the well-settled law discussed above.

## VII. Conclusion

For the reasons stated above, the Court will grant Defendants' motion with respect to the Fourteenth Amendment claim, all state tort law claims brought against the School District, and the state tort law claims for negligence, gross negligence, and recklessness brought against the individual Defendants. The Court will deny the motion with respect to the Fourth Amendment claim and the state tort law claims for assault, battery, and false imprisonment brought against the individual Defendants.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KYLE ALLEN SALYER, | ) | CIVIL ACTION NO. 3:16-57 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| HOLLIDAYSBURG AREA SCHOOL DISTRICT, WAYNE BUSH, MARK R. HARRINGTON, DAWN ECKENRODE and MAUREEN D. LETCHER, D. ED. | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 26th day of September, 2016, upon consideration of the Defendants' motion to dismiss Plaintiff's complaint (ECF No. 11), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

- The motion is **GRANTED** with respect to the Fourteenth Amendment claim against all Defendants, Counts II and III as against Defendant Hollidaysburg Area School District, and Count II as against all other Defendants. These claims are **DISMISSED WITH PREJUDICE**.

- The motion is **DENIED** with respect to the Fourth Amendment claim against all Defendants and Count III as against the individual Defendants.

BY THE COURT

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE